UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDSEY LAKEY,

                        Plaintiff,

        v.

STATE OF WASHINGTON,

                        Defendants.

CASE NO. 3:20-cv-05557-RBL-JRC

ORDER

        This matter is before the Court on several motions filed by plaintiff: (1) first motion to
appoint counsel (Dkt. 5); (2) motion for change of venue (Dkt. 10); and (3) second motion to
appoint counsel (Dkt. 26). For the reasons discussed below, the Court denies all three motions.
Also pending is defendant State of Washington's motion to dismiss, which will be addressed in a
separately filed report and recommendation. *See* Dkt. 21.

        As an initial matter, the Court notes that plaintiff has filed all three motions in the form of
letters to the Clerk and/or Court. Dkt. 5, 10, 26. In the interests of justice, the Clerk has docketed
the letters as motions. *See id.* However, plaintiff is advised that in the future, any plaintiff seeks

ORDER - 1

1  relief from this Court, he must do so in the form of a motion setting out the underlying facts and

2  specific relief sought.  The motion must be directly related to the claims set forth in the

3  complaint.  The motion must be filed, served on defense counsel, and noted for hearing in

4  accordance with the Federal Rules of Civil Procedure before the Court will consider the merits of

5  any such request.

6  **1. Motions to Appoint Counsel (Dkt. 5, 26)**

7  Plaintiff, who proceeds *pro se* and *in forma pauperis* and who is currently housed at the

8  Thurston County Jail, requests the appointment of counsel to represent him in his action brought

9  under 42 U.S.C. § 1983.  *See* Dkts. 5, 26.  In June 2020, the Court directed service of plaintiff's

10  complaint, and a motion to dismiss filed by certain defendants is currently pending.  *See* Dkt. 4,

11  6.

12  In the first motion, Dkt. 5, plaintiff submitted a letter inquiring about whether an attorney

13  would be appointed in this case this case. Plaintiff attached pictures to the letter, in what the

14  Court construes as an argument to the merits of his case. *See* Dkt. 5. In the second motion,

15  plaintiff renews his request through a second letter, but offers no argument in support. Dkt. 26.

16  There is no constitutional right to appointed counsel in a § 1983 civil action, and whether

17  to appoint counsel is within this Court's discretion.  *Storseth v. Spellman*, 654 F.2d 1349, 1353

18  (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

19  1995).  Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires

20  "exceptional circumstances."  *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing

21  former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998).  To

22  decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of

23  success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of

24

1   the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

2   Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these

3   factors is dispositive and both must be viewed together[.]" *Id.*

4          At this time, plaintiff has not shown, nor does the Court find, this case involves complex

5   facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or

6   shown an inability to articulate the factual basis of his claims in a fashion understandable to the

7   Court. For example, plaintiff clearly articulated his claims in his Complaint. *See* Dkt. 4. The

8   Court also notes "[p]laintiff's incarceration and limited access to legal materials are not

9   exceptional factors constituting exceptional circumstances that warrant the appointment of

10  counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v.*

11  *Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). While plaintiff may be able to better

12  litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary

13  circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789

14  F.2d at 1331.Therefore, the Court finds that plaintiff has failed to show the appointment of

15  counsel is appropriate at this time. For all these reasons, the Court denies the first and second

16  motions to appoint counsel (Dkt. 5, 26) without prejudice.

17      **2.  Motion for Change of Venue (Dkt. 10)**

18          Plaintiff, who is a pretrial detainee at Thurston County Jail, moves for the Court to

19  transfer his ongoing criminal case to another jurisdiction. Dkt. 10. Plaintiff alleges he cannot get

20  a fair trial in Thurston County. *Id.*

21          First, an "action lying at the core of habeas corpus is one that goes directly to the

22  constitutionality of the prisoner's physical confinement itself and seeks either immediate release

23  from that confinement or the shortening of its duration. With regard to such actions, habeas

24

ORDER - 3

1   corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475,

2   503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method

3   of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

4          Here, plaintiff filed a civil rights action challenging the use of force during his arrest, but

5   now appears to challenge the legality of his current detention and upcoming trial. *See* Dkt. 4, 10.

6   Plaintiff's requested relief, which challenges the fact of his custody, is properly raised in a

7   habeas petition, not in a civil rights action under § 1983 and is not related to the facts alleged in

8   the underlying complaint. *See id.* Therefore, this Court does not have jurisdiction over plaintiff's

9   request related to his ongoing state criminal proceedings in this case. Moreover, plaintiff is

10  advised that even if he filed a habeas corpus petition raising the same claims, federal court

11  abstention from interference with pending state judicial proceedings is appropriate under the

12  *Younger* abstention doctrine if: (1) the proceedings are ongoing; (2) the proceedings implicate

13  important state interests; and (3) there is an adequate opportunity in the state proceedings to raise

14  federal questions. *See Younger v. Harris*, 401 U.S. 37 (1971); *Dubinka v. Judges of the Superior*

15  *Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Middlesex County Ethics Comm'n v. Garden State Bar*

16  *Ass'n*, 457 U.S. 423, 432 (1982).

17         Accordingly, plaintiff's motion for change of venue (Dkt. 10) is denied.

18         Dated this 6th day of August, 2020.

19

20

21

22         J. Richard Creatura
           United States Magistrate Judge

23

24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24