UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDSEY LAKEY,

        Plaintiff,

v.

STATE OF WASHINGTON et al,

        Defendants.

CASE NO. 3:20-cv-05557-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 25, 2020

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge. Before the Court is defendant State of Washington's motion to dismiss. Dkt. 21. Also pending are several other motions which will be addressed in a separate order: (1) plaintiff's motion for subpoena (Dkt. 32); (2) plaintiff's motion to appoint counsel (Dkt. 35); and (3) defendants Bagby, Pannitoni, Turpin, and Thurston County Sheriff's Department's motion to stay and memorandum in support (Dkt. 36).

Plaintiff's civil rights complaint alleges that he was assaulted during his arrest by three Thurston County Sherriff's Officers. Plaintiff names the State of Washington as a defendant, however, defendant State of Washington is not a "person," as that term is defined under § 1983 and cannot be sued under that statute. Thus, the Court recommends that defendant State of

REPORT AND RECOMMENDATION - 1

Washington's motion to dismiss (Dkt. 21) be granted and that any claims against defendant State of Washington be dismissed with prejudice. Plaintiff's claims against all other defendants remain at this time.

### STANDARD OF REVIEW

A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1990)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

### PROCEDURAL HISTORY

Plaintiff was granted *in forma pauperis* status on June 22, 2020. Dkt. 3. Plaintiff's complaint was filed the same day. Dkt. 4. Defendant State of Washington filed its motion to dismiss on July 29, 2020. Dkt. 21. Plaintiff has filed numerous letters with the Court and several other motions, but plaintiff did not file a response to defendant State of Washington's motion to dismiss. *See* Dkt.

### STATEMENT OF FACTS

Plaintiff is a pretrial detainee housed at Thurston County Jail. Dkt. 4. Plaintiff sues the State of Washington, Thurston County Sheriff's Department, and three Thurston County Sheriff's Officers: Bagby, Turpin, and Pannitoni. Dkt. 4. Plaintiff's alleges that during his arrest, he was assaulted by defendants Bagby, Turpin, and Pannitoni. Dkt. 4

**DISCUSSION**

Defendant State of Washington moves to dismiss all claims against it based on Eleventh Amendment immunity and because the State is not a "person" for purposes of § 1983. Dkt. 21.

Section 1983 applies to the actions of "persons" acting under the color of state law. The State of Washington is not a "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Additionally, there is no evidence that the State of Washington has waived its Eleventh Amendment immunity in federal courts. *See Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974). Accordingly, plaintiff fails to state a claim against defendant State of Washington. The Court recommends that defendant State of Washington's motion to dismiss (Dkt. 21) be granted and that defendant State of Washington be dismissed from this suit.

The Ninth Circuit has established that a pro se litigant bringing a civil rights suit generally must have an opportunity to amend the complaint to overcome deficiencies "unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Here, plaintiff's claims against defendant State of Washington fail as a matter of law and plaintiff cannot overcome the deficiencies by an amendment. Accordingly, the Court recommends that plaintiff not be given leave to amend his complaint as to his claims against defendant State of Washington.

CONCLUSION

For the reasons set forth above, the Court recommends granting defendant State of Washington's motion to dismiss (Dkt. 21). Plaintiff's claims against defendant State of

Washington should be dismissed with prejudice and without leave to amend. All other claims remain.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 25, 2020** as noted in the caption.

Dated this 27th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge