UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDSEY LAKEY, Plaintiff, v. STATE OF WASHINGTON, Defendants. | CASE NO. 3:20-cv-05557-RBL-JRC<br>ORDER |

This matter is before the Court on three motions: (1) plaintiff's third motion to appoint counsel (Dkt. 35); (2) motion for subpoena (Dkt. 32); and (3) defendants' motion to stay (Dkt. 36). For the reasons discussed below, the Court denies plaintiff's motion to appoint counsel (Dkt. 35) is denied without prejudice. The Court grants plaintiff's motion for subpoena (Dkt. 32) and defendants' motion to stay (Dkt. 36).

**1. Third Motion to Appoint Counsel (Dkt. 35)**

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently housed at the Thurston County Jail. Dkt. 4. Plaintiff requests, for a third time, the appointment of counsel to represent

him in his action brought under 42 U.S.C. § 1983. *See* Dkt. 5, 26, 35 (third motion). In June 2020, the Court directed service of plaintiff's complaint, and a motion to dismiss filed by certain defendants is currently pending. *See* Dkt. 4, 6, 41.

Plaintiff moves for the appointment of counsel because counsel can explain the applicable legal principles, limit litigation to potentially meritorious issues, conduct depositions, negotiate a settlement, and perform other difficult tasks of litigation. Dkt. 35. Plaintiff also alleges that his case involves extensive documentary evidence, including cross-examination. *Id.* Plaintiff alleges he has a physical and mental disability that makes it difficult for him to present his case. *Id.* at 1-2.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

At this time, plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the

Court. For example, plaintiff clearly articulated his claims in his complaint. *See* Dkt. 4. Moreover, while plaintiff asserts that he has a mental and physical disability, plaintiff has provided any further details on his disability and the impact on his ability to litigate this case. Plaintiff not demonstrated that he has not been able to formulate responses to the Court's orders or understand filings in this case. *See* Dkt. 4, 5, 26.

The Court also notes that "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). While plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds that plaintiff has failed to show the appointment of counsel is appropriate at this time. For all these reasons, the Court denies the third motion to appoint counsel (Dkt. 35) without prejudice.

**2. Motion for Subpoena (Dkt. 32)**

As an initial matter, the Court notes that plaintiff has filed his motion for subpoena in the form of a letter to the Clerk and/or Court. Dkt. 32. In the interests of justice, the Clerk has docketed the letter as a motion. *See id.* However, plaintiff is again advised that in the future, any plaintiff seeks relief from this Court, he must do so in the form of a motion setting out the underlying facts and specific relief sought. *See* Dkt. 28 (previously advising plaintiff that he must seek relief in the form of a motion, not a letter to the Clerk). The motion must be directly related to the claims set forth in the complaint. The motion must be filed, served on defense

counsel, and noted for hearing in accordance with the Federal Rules of Civil Procedure before the Court will consider the merits of any such request.

In the motion for subpoena, plaintiff states that he needs to subpoena defendants Bagby, Turpin and Pannitoni and that he needs their personal records. Dkt. 32. Upon a party's request, "[t]he clerk *must* issue a subpoena, signed but otherwise in blank[.]" Fed. R. Civ. P. 45(a)(3) (emphasis added). Typically, the requesting party would then complete the subpoena and serve it. *See* Fed. R. Civ. P. 45(a)(3). Federal Rule of Civil Procedure 45 contains detailed requirements for the form, contents, and service of such a subpoena, as well as the appropriate procedure for objecting to, moving to quash, or moving to modify a subpoena.

Plaintiff's motion (Dkt. 32) is interpreted as a request for the Clerk's Office to issue a subpoena and is granted. The Clerk's Office shall issue the appropriate blank subpoena forms to plaintiff. Plaintiff should be aware that if his subpoenas impose an undue burden or expense on a person subject to a subpoena, the Court "must" impose an appropriate sanction on plaintiff. Fed. R. Civ. P. 45(d)(1).

**3. Motion to Stay (Dkt. 36)**

Defendants move to stay this civil proceeding pending the end of plaintiff's parallel criminal proceeding. Dkt. 36. Plaintiff has filed several letters since the motion to stay, however, none of the filings clearly object to the motion to stay. Dkt. 39, 40, 42, 43, 45, 46. In his "Statement of Facts" plaintiff indicates that he would like the "United States District Court to go first." Dkt. 43 at 1. However, it appears plaintiff focuses on an argument that his right to a speedy trial has been violated in state court because he is still awaiting his criminal trial. *See id.*

Plaintiff's criminal charges arising out of his conduct during a November 5, 2019 arrest are currently proceeding in Thurston County Superior Court and the case is set for trial

beginning October 26, 2020. Dkt. 37, Declaration of Counsel for Defendants, Exhibit 3. Plaintiff is charged with six felonies, one gross misdemeanor, and one misdemeanor. *Id.* at Exhibit 2. On June 11, 2020, plaintiff filed this civil case against the officers involved in his November 2019 arrest alleging the use of excessive force. Dkt. 1-1, 4. Discovery has not yet begun in this case and a scheduling order has not been has been issued. *See* Dkt.

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995); *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable. *Keating*, 45 F.3d at 324. Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice require such action. *Id.*

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case and the extent to which a defendant's Fifth Amendment rights are implicated. *Keating*, 45 F.3d at 324; *Molinaro*, 889 F.2d at 902. “Fifth Amendment concerns may be sufficient to warrant a stay.” *L.C. v. Gilbert*, 2010 WL 1641533, at *2 (W.D. Wash. Apr. 21, 2010) (citing *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)). “Some courts have gone so far as to recognize the extent of the overlap as the ‘most important factor.’ ” *Id.* at *2.

Additional factors courts consider include: (1) the interest of a plaintiff in proceeding expeditiously with litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on a

defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Here, the simultaneous civil and criminal proceedings arise out of the same event – plaintiff's November 2019 arrest. *See* Dkt. 4, 37. Any attempt by defendants in this civil action to depose plaintiff could implicate plaintiff's Fifth Amendment rights in the underlying criminal case. *See Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Financial,* Inc., 2009 WL 2136986, at *2 (E.D. Cal. Jul.15, 2009) (granting a six-month stay of all proceedings in a civil fraud case when a parallel criminal case was ongoing because "[b]oth the civil and criminal cases arise from the alleged scheme to defraud ... [, and as] such, the pending civil litigation may substantially implicate defendants' Fifth Amendment rights against self-incrimination, create unnecessary complexities with respect to discovery, expose defendants' strategy or theories with respect to the criminal case, or otherwise prejudice the pending criminal proceedings."); *United States v. Booth,* 2010 WL 315543 (E.D. Cal. Jan.19, 2010) (staying a civil case completely until resolution of the parallel criminal case). Thus, there is an overlap of issues and a danger of self-incrimination if defendants compelled plaintiff to disclose information, documents, or testimony in this civil action while the criminal action is proceeding. These aspects favor a stay.

Another factor in favor of staying this case is judicial economy. There is a potential for complexity, overlapping issues, duplicative rulings, and conflict between the rulings of this Court and that of the criminal court. *See Triduanum Financial*, 2009 WL 2136986, at *2. Thus, a stay would be a more efficient use of resources. In addition, plaintiff fails to demonstrate why he will be substantially prejudiced by a stay of the proceedings. This case is in the early stages of litigation, and no scheduling order has been entered. A stay may actually expedite plaintiff's case

in this civil action as there may be a more limited need for discovery after the criminal action. *See Gilbert*, 2010 WL 1641533 at *2-3. To the extent that any of the remaining factors – other parties' or the public's respective interests – weigh in favor of denying a stay, on balance, such interests do not overcome the reasons for a stay outlined above.

Therefore, defendants' motion to stay (Dkt. 36) is granted, and the stay will remain in effect until the parallel criminal action ends. Defendants are directed to file a written status report every 60 days months to apprise the court of the proceedings in the criminal case, beginning on November 15, 2020.

Dated this 14th day of September, 2020.

J. Richard Creatura
United States Magistrate Judge