UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDSEY LAKEY,

            Plaintiff,

   v.

STATE OF WASHINGTON et al.,

           Defendants.

CASE NO. 3:20-cv-05557-RBL-JRC

ORDER

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief United States Magistrate Judge J. Richard Creatura. Before the Court is Plaintiff's Motion to Amend Complaint. Dkt. 106.

    Plaintiff moves for the Court to amend his Complaint and file an amended complaint. Dkt. 106. However, plaintiff cannot supplement his Complaint. Instead, he is required to file a proposed amended complaint that includes all the allegations in one document. Plaintiff did not include a copy of the proposed amended complaint as required by Local Rules, W. D. Wash. LCR 15. Accordingly, defendants are unable to substantively respond to plaintiff's request. Further, the Thurston County defendants oppose amendment because it is futile. Dkt. 109.

ORDER - 1

Defendant State of Washington opposes the motion based on the pending Report and Recommendation, which is addressed below, *see supra.*

Plaintiff is directed to file the proposed amended complaint on the form provided by the Court. The proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Complaint by reference. The proposed amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court reminds plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Within the second amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff must file his proposed amended complaint by no later than August 20, 2021. Once the proposed amended complaint has been filed, the Court will determine a further briefing schedule so that defendants are afforded with an opportunity to provide a substantive response to plaintiff's motion to amend. If plaintiff fails to file the proposed amended complaint by August 20, 2021, the Court will proceed on plaintiff's Complaint. The Clerk's Office is directed to renote plaintiff's motion to amend (Dkt. 106) for August 20, 2021.

Further, the Court lifted the stay in this matter on July 17, 2021. Dkt. 107. The Clerk's Office is directed to re-note the undersigned's Report and Recommendation on Defendant State of Washington's Motion to Dismiss (Dkt. 21, 41) for consideration on August 6, 2021, and refer the Report and Recommendation (Dkt. 41) to the District Judge assigned to this matter, the Honorable Robert J. Bryan.

Dated this 21st day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge